IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-029 |
| | * | |
| PATRICIA GREGORY | * | |

O R D E R

On October 11, 2022, Defendant Patricia Gregory was sentenced to serve a term of imprisonment of 87 months followed by 3 years of supervised release. Gregory was also ordered to pay a fine of $2000 and a $100 special assessment. The Judgment and Commitment Order ("J & C") states that while Gregory is in custody, she shall either pay quarterly installments of **a minimum** of $25 if working non-UNICOR or **a minimum** of 50% of monthly earnings if working UNICOR. (Doc. 86, at 7 (emphasis added).) At present, Gregory has filed a motion for a court order fixing her fine payments at $25 per quarter while she is incarcerated.

Reading between the lines of Gregory's motion, the Court surmises that the Bureau of Prisons ("BOP") is requiring more than $25 quarter through its Inmate Financial Responsibility Program ("IFRP"). Thus, she seeks a directive to the BOP to collect <u>only</u> $25 per quarter so that it cannot collect above the court order.

The IFRP is a voluntary work program that encourages an inmate to meet her legitimate financial obligations through the

development of a financial plan. 28 C.F.R. § 545.10. Participation in the IFRP is voluntary, but refusal to participate carries certain consequences including the loss of various privileges. 28 C.F.R. § 545.11(d). According to BOP Program Statement 5380.08, the IFRP employs a standard formula to determine the amount of restitution payments that an inmate should make while incarcerated. The formula considers both an inmate's institution resources (such as wages) and her non-institution (community) resources (such as gifts or stimulus payments). Program Statement 5380.08 provides further guidance, instructing the BOP to examine total funds deposited in the previous six months and subtract any IFRP payments made in those same six months and $450. Generally speaking, any money remaining after this computation may be considered by BOP in determining the amount of an inmate's IFRP payment.

To the extent Gregory is complaining about the scheduled monthly IFRP payment in excess of $25 per quarter, the Court is without authority to adjust the IFRP payments or the formula that the BOP uses. The IFRP is an aspect of Gregory's confinement; a challenge to the implementation of this program is a challenge to the execution of her sentence. Thus, Gregory's complaints about the IFRP must be pursued under 28 U.S.C. § 2241 in the district of her confinement. See Williams v. Pearson, 197 F. App'x 872, 876-77 (11th Cir. 2006); United States v. Warmus, 151 F. App'x 783,

2

786-87 (11th Cir. 2005); see also United States v. Gala, 698 F. App'x 602, 604 (11th Cir. 2017) (holding that inmate's claim that he was coerced into participating in the IFRP must be presented in a § 2241 petition filed in the district of confinement). Even if this Court had jurisdiction over the matter, a § 2241 habeas petitioner must exhaust her administrative remedies prior to filing suit. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). Here, there is no evidence that Gregory has attempted to gain review of her IFRP payments through the BOP's administrative process.

The J & C expresses the Court's intent to set the minimum expected payment of her fine and to allow the BOP to implement an appropriate payment schedule. The Court will defer to the BOP in its consideration and calculation of Gregory's IFRP payments. Thus, Defendant Gregory's motion to modify the J & C (doc. 116) to essentially tie the hands of the BOP is contrary to the Court's intent and is therefore **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of May, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA